Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Tuesday, May 09, 2006 1:32:00 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| SAVA LATOVLJEVIC | ) CASE NO. 06-210 |
| | ) |
| Debtor. | ) |

## MEMORANDUM OPINION

Sava Latovljevic (the "Debtor") requests an exemption from the Bankruptcy Code's credit counseling requirements due to his incarceration. The United States Trustee (the "Trustee") objects to the request for an exemption and seeks to have the Debtor's case dismissed on the basis that the Debtor failed to obtain pre-petition, non-profit, budget and credit counseling services. The Trustee also seeks dismissal based on the failure of the Debtor to comply with this court's previously issued deficiency notice which required the Debtor to file, among other things, his Chapter 13 plan by April 10, 2006. Due to the Debtor's past bankruptcy filings, his failure to file his bankruptcy schedules, forms, and Chapter 13 plan, the Trustee asks that any dismissal be with prejudice.

The court held a telephonic hearing in this case on May 2, 2006, in Wheeling, West Virginia, at which time the court took the matter under advisement. The Debtor is currently incarcerated at the Federal Correctional Institution ("FCI") operated by the U.S. Bureau of Prisons (""BOP") in Morgantown, West Virginia. His participation was arranged through his counselor, Dan Whiteman, who also participated in the proceedings. For the reasons stated herein, the court will deny the Debtor's request for an exemption, grant the Trustee's motion to dismiss the Debtor's case, and enter a 180-day bar to refiling.

## I. BACKGROUND

This is the Debtor's sixth bankruptcy petition. The Debtor's five previous cases were all filed in

1

the Northern District of Ohio:

1. The Debtor filed a Chapter 13 case on May 30, 2002, Case No. 02-15894, which was dismissed prior to confirmation on January 2, 2003, for a failure to file papers required to prosecute the case and to achieve confirmation.

2. The Debtor filed a Chapter 13 case on October 15, 2003, Case No. 03-23709, which was dismissed prior to confirmation on January 28, 2004, for a failure to file papers required to prosecute the case and to achieve confirmation.

3. The Debtor filed a Chapter 7 case on May 7, 2004, Case No. 04-15773. The Debtor obtained a Chapter 7 discharge on August 19, 2004.

4. The Debtor filed a Chapter 13 case on December 30, 2004, Case No. 04-26356, which was dismissed prior to confirmation on March 23, 2005, for a failure to make pre-confirmation plan payments.

5. The Debtor filed a Chapter 13 case on July 8, 2005, Case No. 05-19946, which was dismissed prior to confirmation on October 26, 2005, for a failure to file papers required to prosecute his case and to achieve confirmation. The Debtor appealed the dismissal of that case.

The Debtor filed this case on March 24, 2006, to stop a foreclosure on a home and church property. The Debtor's initial bankruptcy filings were incomplete and the bankruptcy clerk's office mailed the Debtor a deficiency notice on March 24, 2006, giving him until April 10, 2006, to file, inter alia, a Chapter 13 plan, Schedules A-J, and a Chapter 13 income form. The Debtor was informed at that time that his case may be dismissed if he failed to meet the deadline set by the clerk's office.

One of the items not filed by the Debtor was a certificate of credit counseling as required by 11 U.S.C. § 521(b)(1). Instead of the certificate, the Debtor filed a motion to waive and/or extend the time for complying with that requirement on the basis of alleged exigent circumstances and that the Debtor was incarcerated and would not be released until August 2006. At the May 2, 2006 hearing, however, the Debtor stated that he made no effort to obtain pre-petition, non-profit, budget and credit counseling services. Dan Whiteman, a counselor at FCI Morgantown, stated that – on written request – sufficient

telephone time could be allotted to an inmate to obtain credit counseling services.[1]

## II. DISCUSSION

Multiple grounds exist to dismiss the Debtor's bankruptcy case. The court will dismiss the Debtor's case for his failure to comply with his § 521(a)(1) duties, failure to timely file a Chapter 13 plan, and failure to obtain pre-petition, non-profit, budget and credit counseling services. The Court will also enter a 180-day bar to refiling under 11 U.S.C. § 349.

### A. Section 521(a)(1) Duties and Failure to File a Plan

The Trustee argues that the Debtor's case should be dismissed because the Debtor has only filed a petition and a statement of financial affairs; the Debtor has not complied with the court's deficiency notice to file a Chapter 13 plan, Chapter 13 income from (Form 22C), Statistical Summary, Schedules A-J, and a Summary of Schedules. The Debtor states that he is willing to file the required forms.

Section 1307(c) of the Bankruptcy Code provides:

[O]n request of . . . the United States trustee and after notice and a hearing, the court may . . . dismiss a case under this chapter . . . for cause, including

. . .

(3) failure to file a plan timely under section 1321 of this title;

. . .

(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521;

(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521 . . . .

11 U.S.C. § 1307(c).

Section 521(1) and 521(2) were renumbered as part of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 as §§ 521(a)(1) and (a)(2), but the change in the numbering of the statute is not reflected in § 1307(c). That failure, however, is a scrivener's error and there was no intention

---

[1] Mr. Whiteman reported that, although the BOP would have the discretion to deny such a call under certain circumstances, there was nothing in the institution's policy or procedures that would prohibit *per se* such a call or automatically prevent it from being authorized.

3

by Congress to effect a change in the grounds for dismissing a case under § 1307(c). Section 521(a)(1) sets forth a debtor's duties at the beginning of a bankruptcy case, which include, filing a schedule of assets and liabilities and a statement of current income and expenditures. If a debtor fails to file those documents within the first 45 days of a case, then § 521(i) – in addition to § 1307(c) – provides for a penalty:

> [I]f an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

11 U.S.C. § 521(i).

The Debtor filed his bankruptcy petition on March 24, 2006. Forty-five days expired on May 8, 2006; thus, on May 9, 2006, the Debtor's case became subject to the automatic dismissal provision of § 521(i). Notwithstanding § 521(i), grounds also exist to dismiss the Debtor's case for failing to comply with the court's deficiency notice that required the Debtor to file his missing documents by April 10, 2006. *E.g.*, *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 868 (B.A.P. 9th Cir. 2004) (affirming a sua sponte dismissal by a bankruptcy court when the debtor failed to timely comply with a deficiency notice issued by the bankruptcy court). Likewise, grounds exist to dismiss the Debtor's case under §§ 1307(c)(3), and (9), based on the Debtor's failure to file a plan and failure to timely file the documents required by § 521(a)(1). *E.g.*, *In re Slaughter*, 191 B.R. 135, 144-45 (Bankr. W.D. Wis. 1995) (dismissing a case due to the debtor's failure to file a chapter 13 plan). Because the Debtor failed to timely file a Chapter 13 pan and comply with his § 521(a)(1) duties, the court will dismiss his bankruptcy case.

**B. Credit Counseling**

Second, the court will dismiss the Debtor's case because the Debtor failed to obtain pre-petition, non-profit, budget and credit counseling services. The Debtor requested an exemption from the requirement, which was presumably made pursuant to § 109(h)(3)(A) of the Bankruptcy Code. That section requires the Debtor to satisfy three conditions before the court can issue a certificate of satisfaction granting an extension of time to comply with the Bankruptcy Code's pre-petition credit counseling requirements:

> (3) (A) [The pre-petition credit counseling requirement] shall not apply with respect to a debtor who submits to the court a certification that –

4

> (i) describes exigent circumstances that merit a waiver of [the credit counseling requirement];
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 5-day period beginning on the date on which the debtor made the request; and
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A).

The court can only completely waive the requirement for pre-petition, non-profit, budget and credit counseling services in extreme cases:

> (4) The requirements [of credit counseling] shall not apply with respect to a debtor whom the court determines, after notice and a hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing . . . .

§ 109(h)(4).

In the absence of circumstances that merit an extension or waiver of the credit counseling requirement, § 109(h) states that "an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of the filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or a group briefing . . . that outlined the opportunities for available credit counseling . . . ." § 109(h)(1). Unless an individual qualifies for an exemption or an extension of time to file the certificate of credit counseling after the petition is filed – as outlined in § 109(h)(3), (4) – that individual is not eligible to be a debtor under the Bankruptcy Code. *E.g.*, *Dixon v. LaBarge (In re Dixon)*, 338 B.R. 383, 386 (B.A.P. 8th Cir. 2006) (affirming the dismissal of the debtor's case when the debtor did not obtain pre-petition credit counseling, stating: "It is the clear expectation of the statute that all individual debtors receive such a briefing prior to filing."); *In re Tomoco*, 339 B.R. 145 (Bankr. W.D. Pa. 2006) ("The case before the Court relates solely to whether, under the facts and circumstances of this case, the credit counseling additions to the Bankruptcy Code

5

operate to erect a barrier preventing Ms. Tomco from presently obtaining emergency bankruptcy relief. Unfortunately, the Court concludes that such a barrier has been erected rendering Ms. Tomco ineligible for Chapter 13 bankruptcy relief [because Ms. Tomoco did not obtain credit counseling before she filed]".).

The Debtor alleges that no access for credit counseling exists because the Debtor is incarcerated and will not be released until August 2006. At the May 2, 2006 hearing, however, Dan Whiteman, the Debtor's prison counselor, stated that, on a written request, sufficient telephone time could be allocated to the Debtor to obtain credit counseling services by telephone.[2] The Debtor stated that he made no request to obtain credit counseling pre-petition; thus, the requirement in § 109(h)(3)(A)(ii) that the Debtor have requested credit counseling services before filing is not met and no extension of time may be granted. Likewise, the Debtor presented no evidence that he is incapacitated or disabled as defined by § 109(h)(4). Accordingly, no exemption to the credit counseling exists and the Debtor's case must be dismissed pursuant to 11 U.S.C. § 109(h)(1).

**C. Bar to Refiling**

Section 349 of the Bankruptcy Code provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title . . . ." 11 U.S.C. § 349(a). The numerous deficiencies outlined in this case, combined with the fact that this is the Debtor's sixth bankruptcy filing in four years, and because the Debtor has failed to have a Chapter 13 plan confirmed in any of his previous cases, the court finds that the Debtor is a serial, abusive bankruptcy filer and that "cause" exists to bar the Debtor from filing another bankruptcy petition for a period of six months. *See, e.g.*, *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 339 (2nd Cir. 1999) (affirming the dismissal of a case filed in violation of the bankruptcy courts previous dismissal order when the debtor had filed three previous cases); *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 938-39 (4th Cir. 1997) (holding that § 349 of the Bankruptcy Code grants a bankruptcy court the power to dismiss a case with a bar to refiling in cases of abuse); *In re Oliver*,

---

[2] Mr. Whiteman also related that he was not aware of any such request being made by the Debtor or denied by the BOP authorities.

323 B.R. 769, 775 (Bankr. M.D. Ala. 2005) (issuing a two-year bar to refiling under § 349(a) when the debtor had filed seven cases since 1996).

### III. CONCLUSION

The court will dismiss the Debtor's bankruptcy case with a 180-day bar to refiling. The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021.